10-2787-ag
Berisha v. Holder

BIA
Nelson, IJ
A095 862 069
A095 862 070
A029 757 879

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17ᵗʰ day of August, two thousand eleven.

PRESENT:
 REENA RAGGI,
 RICHARD C. WESLEY,
 GERARD E. LYNCH,
  *Circuit Judges*.

_____

FLORINDA BERISHA, AMBRA TOMA,
FLORIDI TOMA,
  *Petitioners*,

  v.                                         10-2787-ag
                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
  *Respondent*.

_____

FOR PETITIONERS:      Russell R. Abrutyn, Marshal E. Hyman
                      & Associates, PC, Troy, Michigan.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Blair T. O'Connor,
                         Assistant Director; John B. Holt,
                         Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Florinda Berisha and her children, Ambra Toma and Floridi Toma, natives and citizens of Albania, seek review of a June 30, 2010 order of the BIA affirming the December 2, 2003 decision of Immigration Judge ("IJ") Barbara A. Nelson, which denied their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), as well as Ambra and Floridi Toma's motion to reopen. *In re Berisha*, Nos. A095 862 069/A095 862 070/A029 757 879 (B.I.A. June 30, 2010), *aff'g* Nos. A095 862 069/A095 862 070/A029 757 879 (Immig. Ct. N.Y.C. Dec. 2, 2003). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the

2

BIA's factual findings for substantial evidence, treating those findings as conclusive unless a reasonable adjudicator would be compelled to conclude to the contrary, and we review questions of law *de novo*.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

## I.   Berisha's Application for Relief

Substantial evidence supports the agency's adverse credibility determination in this case. *See Shi Jie Ge v. Holder,* 588 F.3d 90, 93-94 (2d Cir. 2009).  The agency reasonably considered inconsistencies among Berisha's asylum application, testimony, and submitted evidence. Specifically, Berisha's application stated that she was threatened and beaten after being terminated from her job, but she testified that she received threats before being fired and was not detained or beaten.  Moreover, Berisha testified that in 2001 a man who had previously threatened her about her political activities hit her daughter with his car; her asylum application, however, merely mentions that her daughter was injured in a car accident because the driver was speeding.  In addition to these inconsistencies, the medical report Berisha presented to corroborate the 2001

3

incident showed a 1994 hospitalization that pre-dated Berisha's daughter's birth, and did not mention a car accident. The agency reasonably determined that the cumulative effect of these inconsistencies was substantial when measured against the record as a whole. *See Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006); *Secaida-Rosales v. INS*, 331 F.3d 297, 307-09 (2d Cir. 2003), *abrogated in part by* 8 U.S.C. § 1158(b)(1)(B)(iii).[1]

In challenging the adverse credibility determination, Berisha argues that the agency erred in refusing to allow her brother to present corroborating testimony. Because, as the government notes, Berisha failed to exhaust this issue by raising it before the BIA, we do not consider it. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-22 (2d Cir. 2007) (noting that judicially imposed exhaustion requirement, while not jurisdictional, is mandatory); *Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004).

## II. Motion to Reopen

The BIA did not abuse its discretion in denying Ambra

---

[1] Although the Real ID Act abrogated in part our holding in *Secaida-Rosales* for cases filed after May 11, 2005, Berisha's application was filed before this date. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

and Floridi Toma's motion to reopen because they failed to establish *prima facie* eligibility for asylum relief. *See INS v. Abudu*, 485 U.S. 94, 104 (1988) (holding that BIA may deny motion to reopen if movant has not established *prima facie* eligibility for underlying relief sought); *accord Shao v. Mukasey*, 546 F.3d 138, 168 (2d Cir. 2008). The BIA reasonably considered that the only alleged harm to Ambra and Floridi was the 2001 incident in which Ambra was purportedly hit by a car. As discussed above, the agency reasonably found that Berisha's account of this incident was not credible. Moreover, even if Ambra was hit by a car, the BIA reasonably concluded that there was insufficient evidence that this incident was anything other than an accident or that Ambra was targeted on account of a protected ground. *See* 8 U.S.C. § 1101(a)(42). As result, the agency did not abuse its discretion in determining that Ambra and Floridi failed to establish a *prima facie* case of persecution.

## III. Conclusion

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in

this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk